¶ 1. Jonathan Devell Jones a/k/a "Pokie" was found guilty of the sale of cocaine within 1,500 feet of a church. Feeling aggrieved, Jones has filed a timely appeal and presents the following issues: (1) whether the trial judge erred when he denied the motion for a directed verdict and peremptory instruction, and (2) whether the verdict was against the overwhelming weight of the evidence as it pertained to the identification of Jones. Finding these issues without merit, we affirm.
 FACTS
¶ 2. Vanessa Saucier, an agent for the Mississippi Bureau of Narcotics, was involved in an undercover narcotic operation, and her assignment was to attempt to purchase illegal drugs in Newton, Mississippi. She was placed with a confidential informant to pursue this task. Additionally, Agent Saucier was given one *Page 893 
hundred dollars to make any purchase of a controlled substance and the informant was equipped with a body wire transmitter. Thereafter, Agent Saucier and the informant got into an automobile and proceeded to Pine Street which is located in Newton. Agent Saucier was driving the automobile.
¶ 3. Agent Saucier testified that once she and the informant were on Pine Street she heard "Pokie" call out and she stopped the vehicle. Agent Saucier identified the person she referred to as "Pokie" as the same person as Jonathan Jones. She explained that Jones approached her window and poured crack cocaine in her hand. She stated that she purchased $100 of crack cocaine from Jones. Agent Saucier noted that at the time of the transaction it was around 3:30 p.m., it was clear daylight, there were no obstructions, and Jones was next to the open car window. Additionally, Agent Saucier revealed that she had seen Jones prior to this sale and was familiar with his face. Furthermore, Agent Saucier made an in-court identification of Jones. Not only did Agent Saucier identify Jones as the individual that sold her the cocaine, but she also presented testimony regarding the location of the sale.
¶ 4. Agent Saucier testified that she was positive the purchase occurred within 1,500 feet of the Triumph the Church and Kingdom of God in Christ Church. She later explained that although she had not measured the distance, Agent Wash had and told her it was within fifteen hundred feet. She also stated that she had "driven off" the distance and knew it was within 1,500 feet. In addition to Agent Saucier's testimony, Chief Curry, a member of the surveillance team, testified.
¶ 5. Chief Curry stated that he had known Jones a/k/a "Pokie" for years. Chief Curry asserted that he was clearly familiar with Jones' voice and recognized his voice during the illegal drug transaction. There was also testimony from Jamie Johnson, a forensic scientist with the Mississippi Crime Laboratory. Johnson confirmed that the substance that was purchased from Jones was cocaine. Indeed, Johnson testified that it was 0.48 grams of cocaine. Jones testified in his own behalf.
¶ 6. He denied that he had the nickname of "Pokie." Instead, Jones asserted that his nickname was "Smoke Dog." He explained that between 3:30 and 4:00 p.m., when the transaction was supposed to be taking place, he was at his aunt's house feeding his dogs. Jones' aunt, Deborah Jones, also testified and reiterated this information. In rebuttal to this testimony, Chief Harvey Curry and Officer Melvin Evans testified.
¶ 7. Curry testified that he had always known Jones by the nickname of "Pokie," never the nickname of "Smoke Dog." Additionally, he explained that he had even called Jones by the name of "Pokie" and Jones acknowledged this name. Thereafter, Officer Evans testified that the purchase occurred around 3:30 p.m. and that he was at the post-buy meeting. Officer Evans stated that after the post-buy meeting at approximately 3:45 p.m. he went to Pine Street and he saw Jones. This testimony was presented to refute the testimony concerning the contention that he was at his aunt's house feeding his dogs. Officer Evans further explained that he had known Jones quite a while and that his nickname was "Pokie."
 DISCUSSION I. WHETHER THE TRIAL JUDGE ERRED WHEN HE DENIED THE MOTION FOR DIRECTED VERDICT AND PEREMPTORY INSTRUCTION. *Page 894 
 AND II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AS IT PERTAINED TO THE IDENTIFICATION OF JONES.
¶ 8. Jones argues that the evidence was insufficient to support a guilty verdict; therefore, he was entitled to a directed verdict or a peremptory instruction of "not guilty." Additionally, it appears that Jones asserts that the verdict was against the overwhelming weight of the evidence as it pertains to his identification. Jones contends that the evidence presented during his trial was not sufficient to establish that he was the individual who sold the cocaine to Agent Saucier or establish that the transaction occurred within 1,500 feet of a church. The State contends, to the contrary, that the evidence presented was sufficient to prove both Jones' identification and the distance which the sale transpired from the church. We will first review Jones' argument regarding the sufficiency of the evidence as it pertains to his identification as the individual selling the controlled substance.
¶ 9. Objections to the denial of a directed verdict or a peremptory instruction challenge the sufficiency of the evidence. McClainv. State, 625 So.2d 774, 778 (Miss. 1993). Our standard for reviewing challenges to convictions based on sufficiency of the evidence is well established.
¶ 10. When considering a motion for a directed verdict, this Court must consider the evidence introduced in the light most favorable to the State, accepting all evidence introduced by the State as true, together with all reasonable inferences therefrom. McClain, 625 So.2d at 778. If there is sufficient evidence to support a guilty verdict, the motion for a directed verdict must be overruled. Smith v. State, 646 So.2d 538, 542 (Miss. 1994).
 To test the sufficiency of the evidence, we must, with respect to each element of the offense, consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict. The credible evidence which is consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss. 1987) (citations omitted).
¶ 11. In the case at bar, the above statement of the facts discloses there was sufficient evidence to support the trial judge's decision to deny a directed verdict or peremptory instruction regarding the identification of Jones as the individual who committed the crime. The testimony of Agent Saucier and Chief Curry provided enough evidence so that reasonable and fair-minded jurors could find Jones guilty of the sale of cocaine. Therefore, the trial judge did not abuse his discretion when he denied Jones' motions for directed verdict and request for peremptory instruction on this basis. Therefore, this assignment of error is without merit. However, this is not the only issue presented on appeal, we must now review the aforementioned evidence regarding the identification of Jones and apply the standard for a motion for a new trial to see if error was committed by the trial judge. *Page 895 
¶ 12. In Benson v. State, 551 So.2d 188, 193 (Miss. 1989), the Mississippi Supreme Court provided the following explanation of when it would grant a new trial:
 This Court will not order a new trial "unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983). Factual disputes are properly resolved by the jury and do not mandate a new trial. Temple v. State, 498 So.2d 379, 382 (Miss. 1986).
A motion for a new trial is within the sound discretion of the trial court. Burge v. State, 472 So.2d 392, 397 (Miss. 1985). It must be kept in mind that any discrepancies were properly resolved by the jury as fact finder because questions regarding weight and worth of witness testimony or witness credibility are for the jury to settle. Eakes v. State,665 So.2d 852, 872 (Miss. 1995). The Court accepts as true all evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial.Id.
¶ 13. While the above referenced statement of the facts shows that there was conflicting testimony, it was for the jury to determine whose testimony was credible. It is apparent from the verdict of guilty, that the jury chose to believe the testimony of Agent Saucier, Chief Curry, and others who testified for the State. Accepting the evidence presented by these witnesses which supports the verdict as true, we are not convinced that the trial judge abused his discretion in denying a new trial to Jones. Accordingly, we conclude this issue has no merit. Finally, we must address whether there was sufficient evidence presented by the State to prove that the sale took place within 1,500 feet of a church.
¶ 14. The same standard of review applies as was earlier stated in this opinion for the review of the sufficiency of the evidence regarding Jones' identification. The testimony established that a church was present and the sale occurred within 1,500 feet of that church. Therefore, considering the testimony given in the light most favorably to the State, we conclude that a reasonable jury could find Jones guilty of selling the drugs within 1,500 feet of a church. Accordingly, this issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OFCONVICTION OF THE SALE OF COCAINE WITHIN 1,500 FEET OF A CHURCH ANDSENTENCE OF THIRTY YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ANDFINE OF $15,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO NEWTONCOUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., PAYNE, BRIDGES, THOMAS,IRVING, MYERS AND CHANDLER, JJ., CONCUR.