853 So.2d 122 (2003)
SABAL CORPORATION, Appellant,
v.
Shelby, HOWELL, Appellee.
No. 2002-CA-00423-COA.
Court of Appeals of Mississippi.
March 4, 2003.
Rehearing Denied May 6, 2003.
Certiorari Denied August 21, 2003.
*123 James L. Penley, Vicksburg, attorney for appellant.
Kathleen Marie Fitzgerald, M. James Chaney, Vicksburg, attorneys for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Sabal Corporation (Sabal) sought to have a judgment set aside alleging that the judgment was procured by fraud, misconduct, and misrepresentation. The motion was denied and Sabal appeals asserting:
*124 1. THE JUDGMENT AGAINST SABAL SHOULD BE SET ASIDE AS IT WAS PROCURED BY FRAUD, MISCONDUCT, AND MISREPRESENTATION.

STATEMENT OF THE FACTS
¶ 2. Shelby Howell obtained a judgment against Bill Hillman. After trying to collect, Howell submitted a motion seeking to conduct a debtor examination. Hillman was examined and, according to Hillman, he was an employee of Sabal and Sabal was the only source of income for Hillman. Howell filed a writ of garnishment against Sabal. Sabal's president swore by affidavit that Hillman received no remuneration from Sabal nor was he an employee. Howell contested the affidavit. A hearing was scheduled and reset at least three different times for the benefit of Sabal. At the hearing, Sabal did not appear but relied on Hillman and his attorney to handle the matter. Hillman changed his story to say he was an independent contractor rather than an employee. Sabal is a New Jersey corporation that runs a gravel pit in Mississippi. The gravel pit had been leased and run by Hillman until he encountered financial difficulties. Sabal took over the lease and retained Hillman as the manager of the pit. The judge ruled in favor of Howell on July, 23, 2001. Sabal was to pay the amount Hillman owed to Howell. In December, Sabal, after missing the date to appeal, sought to have the judgment set aside. A hearing was held in February 2002 and the motion was denied. Sabal perfected this appeal.

LEGAL ANALYSIS
¶ 3. The decision to grant relief under Rule 60(b) of the Mississippi Rules of Civil Procedure is a matter left to the sound discretion of the trial court, and our review is limited to whether there has been an abuse of that discretion. Accredited Sur. & Cas. Co., Inc. v. Bolles, 535 So.2d 56, 58 (Miss.1988); Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984). Our role is solely to determine whether the Rule 60(b) motion for relief from judgment was properly denied. Overbey v. Murray, 569 So.2d 303, 305 (Miss. 1990). We are not to decide the underlying issues of the judgment.
¶ 4. Rule 60(b) is for exceptional problems, not for oversights under other procedural rules:
Rule 60(b) is not an escape hatch for lawyers and litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the commonplace.
Bruce v. Bruce, 587 So.2d 898, 904 (Miss. 1991). Gross negligence or ignorance of the law is insufficient. Stringfellow, 451 So.2d at 221. If fraud on the court is alleged that led to the entry of an erroneous judgment, that motion must be brought within six months. M.R.C.P. 60(b)(1).
¶ 5. The party moving for relief under Rule 60(b)(1) has an obligation to establish by clear and convincing evidence the alleged fraud, misrepresentation or other misconduct by an adverse party. Stringfellow, 451 So.2d at 221; Rozier v. Ford Motor Co., 573 F.2d 1332, 1337 (5th Cir.1978). In order to establish fraud, the movant must show:
(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on it truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.
*125 Stringfellow, 451 So.2d at 221; Gardner v. State, 235 Miss. 119, 130, 108 So.2d 592, 594 (1959).

CONCLUSION
¶ 6. While Hillman may have made misrepresentations, Sabal was adverse to Howell, not Hillman in this proceeding. Since Rule 60(b)(1) requires an adverse party to commit the fraud, we hold that the trial judge properly denied the motion. Sabal had notice and the opportunity to present its version at the hearing. The hearing was rescheduled several times. It was Sabal's own fault for not attending the hearing and putting its fate in the hands of Hillman.
¶ 7. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.