CARLTON, J.,
for the Court.
¶ 1. A Hinds County Circuit Court jury convicted Jermail Humphries of the murder of Armond Butler. The trial court sentenced Humphries to life in the custody of the Mississippi Department of Corrections (MDOC).
¶ 2. Humphries argues on appeal that he is, at most, guilty of manslaughter, and asks this Court to reverse his murder conviction and remand his case for a new trial or for re-sentencing on manslaughter. We find no error and affirm Humphries’s conviction and sentence.
FACTS
¶ 3. On September 28, 2006, Zarccheaus Anderson and Michael Buckhalter got into a fight in Jackson, Mississippi over a basketball game. Following the initial altercation, Anderson went to a nearby house, where he related the story of the fight to, among others, the defendant, Humphries.
¶ 4. Humphries, Buckhalter, and two other people then drove back to the basketball court, where Buckhalter and Anderson began to fight again. During this second fight, other people became involved, including Buckhalter’s friend, Sel-ester Jones, who fought directly with Humphries. After ending up on the ground and receiving a blow to the head, Humphries drew a gun and fired in the air, breaking up the fight and dispersing the crowd.
¶ 5. When Anderson and Humphries later encountered Jones, Tian Short, and a group of young people walking down a *307 street, a verbal confrontation ensued. Humphries again fired his gun in the air, causing Jones, Short, and the group to flee. He then fired shots in the general direction of the fleeing group.
¶ 6. Later on, while still walking around the neighborhood, Jones, Short, and others encountered Butler and Jerrick Nichols and discussed the fight between Anderson and Buckhalter. A car in which Hum-phries rode passed by this group once, with Humphries hanging out of the window brandishing a gun. The car soon reappeared, at which time Humphries stepped out of the car, drew his gun, rested his hands on the car’s roof, and began shooting at the fleeing group. Butler suffered a fatal gunshot wound. Humphries claims he fired his gun over the top of a house in the direction the group ran and that someone else fired shots, although he does not know who.
¶ 7. A Hinds County grand jury indicted Humphries for depraved-heart murder pursuant to Mississippi Code Annotated section 97-3-19 (Rev.2006). After the trial, the jury convicted Humphries of murder. The trial court then sentenced Hum-phries to life in the custody of the MDOC.
¶ 8. Humphries now appeals his conviction and sentence, raising the following assignments of error: (1) the jury instructions did not properly distinguish between depraved-heart murder and culpable-negligence manslaughter because the instructions did not accurately state the law and did not define the elements of manslaughter, and (2) the evidence presented at trial was insufficient to support a murder conviction.
I. Whether the jury instructions were confusing regarding the difference in depraved-heart murder and culpable-negligence manslaughter.
¶ 9. Humphries alleges in his first assignment of error that the trial court’s failure to properly distinguish between depraved-heart murder and culpable-negligence manslaughter in its jury instructions constitutes reversible error. Humphries further alleges that the trial court failed to instruct the jury on the elements of culpable-negligence manslaughter.
¶ 10. This Court has articulated the standard of review for challenges to jury instructions: “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Johnson v. State, 823 So.2d 582, 584(¶ 4) (Miss.Ct.App.2002) (quoting Collins v. State, 691 So.2d 918, 922 (Miss.1997)).
¶ 11. “In order to preserve a jury[-]instruction issue on appeal, a party must make a specific objection to the proposed instruction in order to allow the lower court to consider the issue.” Crawford v. State, 787 So.2d 1236, 1245(¶ 35) (Miss.2001). Ordinarily, a “party’s failure to object to jury instructions at trial procedurally bars the issue on appeal.” Hawthorne v. State, 835 So.2d 14, 19(¶ 20) (Miss.2003) (citing Walker v. State, 729 So.2d 197, 202(¶ 19) (Miss.1998)). Hum-phries not only failed to object at the trial level to jury instruction D-4, which defined culpable negligence, he submitted the instruction. Moreover, the instruction is virtually identical to the instruction defining culpable negligence manslaughter upheld in Mullen v. State, 986 So.2d 320, 324 (¶¶ 13-15) (Miss.Ct.App.2007).
¶ 12. Although Humphries did object to jury instruction S-2, which defined depraved-heart murder and distinguished it from culpable-negligence manslaughter, *308 he based his objection on the sufficiency of the evidence. At no time did Humphries object to the jury instruction defining depraved-heart murder and distinguishing it from culpable-negligence manslaughter on the grounds that it was an unclear misstatement of the law. Lacking such an objection, we find this assignment of error is procedurally barred.
¶ 13. Where a party fails to raise an objection at trial, he is limited on appeal to arguing that the error constituted plain error, which requires the party to show that the trial court’s failure affected a substantial right. Waldon v. State, 749 So.2d 262, 267(¶ 14) (Miss.Ct.App.1999) (citing Brown v. State, 690 So.2d 276, 297 (Miss.1996)). Humphries makes no such showing. Mississippi Code Annotated section 97 — 3—19(l)(b) (Rev.2006) provides the following definition of depraved heart murder:
(1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
[[Image here]]
(b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.]
¶ 14. The challenged jury instructions recited this statutory language almost verbatim. The Mississippi Supreme Court has “consistently held that instructions in a criminal case which follow the language of a pertinent statute are sufficient.” Crenshaw v. State, 520 So.2d 131, 135 (Miss.1988).
¶ 15. Mississippi Code Annotated section 97-3-47 (Rev.2006) defines manslaughter as “[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law[.]” The jury instructions properly defined culpable negligence as “conduct which exhibits or manifests wanton or reckless disregard for the safety of human life, or such indifference to the consequences of the defendant’s acts under the surrounding circumstances as to render his conduct tantamount to wilfulness.” In addition to the fact that Humphries offered the instruction in question, the Mississippi Supreme Court has endorsed a functionally identical jury instruction. See Shumpert v. State, 935 So.2d 962, 967(¶ 14) (Miss.2006) (defining manslaughter by culpable negligence as “such gross negligence ... as to evince a wanton or reckless disregard for the safety of human life, or such an indifference to the consequences of an act under the surrounding circumstances as to render such conduct tantamount to willfulness”).
¶ 16. While Humphries argues that the definitions for depraved-heart murder and culpable-negligence manslaughter are so similar as to create confusion in the minds of jurors, the two crimes are made distinct by the degree of mental culpability, an issue properly resolved by a jury. Id. Jury instruction S-2 drew attention to this distinction, stating that depraved-heart murder “involves a higher degree of recklessness from which malice or deliberate design ... may be implied.”
¶ 17. Humphries correctly observes that the jury did not receive instructions on the elements of manslaughter. He neglects to mention, however, that he failed to object to this omission at trial and even withdrew his proposed jury instruction that would have provided these elements. Moreover, a review of the record reflects that the offense of manslaughter was not fairly raised by the evidence. The trial court instructed the jury on the elements of depraved-heart murder, the difference *309 between depraved-heart murder and culpable negligence manslaughter, and the meaning of culpable negligence. When the instructions are read as a whole, as the law requires, the jury instructions given correctly and clearly summarized the law; therefore, we find that no injustice resulted from the lack of a separate instruction containing the elements of manslaughter. This assignment of error is without merit.
II. Whether the evidence was legally sufficient.
¶ 18. Humphries alleges in his second assignment of error that the evidence at trial was insufficient to support a conviction for murder, arguing that: (1) the State presented no evidence of premeditation; (2) Humphries did not intend to hurt Butler when he fired shots in Butler’s direction; and (3) another person must have fired the fatal shot.
¶ 19. In reviewing issues of legal sufficiency, the Court does not “ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843(16) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Rather, the Court will “view the evidence in the light most favorable to the prosecution and determine whether a rational juror could have concluded beyond a reasonable doubt that all elements of the crime were satisfied.” Readus v. State, 997 So.2d 941, 944(¶ 13) (Miss.Ct.App.2008) (citation omitted). “The proper remedy for insufficient evidence is for the Court to reverse and render.” Id. (citation omitted). Viewing the evidence in the light most favorable to the prosecution, we find sufficient evidence in the record to support Humphries’s conviction of murder.
¶ 20. Several eyewitnesses testified that Humphries stepped out of a car, placed his hands on the roof of the car, and pointed a gun in the direction of a group of people that included Butler. The eyewitnesses fled from Humphries but heard bullets “whizzing” past them. No one testified to seeing anyone else fire a gun; Humphries presented no evidence in support of his theory of a second shooter. While Humphries argues there is no evidence of premeditation and that he did not intend to harm Butler, the depraved-heart murder statute does not require a premeditated design to kill or animus toward any particular individual. Humphries’s argument, quite simply, misses the point. Instead, the inquiry should focus on whether there is sufficient evidence that Hum-phries’s actions were eminently dangerous to others, evincing a depraved heart or without any regard for human life. Rational jurors were free to conclude, despite Humphries’s asserted defenses, that: Humphries was the only shooter; he shot into a fleeing crowd of people; and his bullet struck Butler. These inferences were perfectly rational in light of the evidence presented at trial. Shooting into a crowd of people is not only a possible form of depraved-heart murder, it is the classic example of depraved-heart murder. See Readus, 997 So.2d at 942-944 (¶¶ 4-11) (calling the act of shooting into a crowd the “classic example of depraved[-]heart murder” and holding that evidence was sufficient to support depraved-heart murder where the defendant fired shots inside an apartment that contained several unarmed individuals, even though the defendant claimed to have only intended to fire his gun in the air).
¶ 21. We have carefully reviewed the record in this case. Examining the evidence in the light most favorable to the prosecution, we find that a rational juror could find Humphries guilty of depraved-heart murder beyond a reasonable doubt. Although Humphries may have disputed *310 where he pointed his gun when he shot and whether anyone else fired shots, factual disputes raised at trial “are properly resolved by the jury and do not mandate a new trial.” Jones v. State, 791 So.2d 891, 895(¶ 12) (Miss.Ct.App.2001) (quoting Benson v. State, 551 So.2d 188, 193 (Miss.1989)). This assignment of error is without merit.
¶ 22. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.