ISHEE, J.,
for the Court:
¶ 1. This appeal arises from a February 2011 jury verdict in a medical-negligence case finding in favor of the Appellees, Dr. Adam Lewis and Dr. Jacob Mathis. Vesta Hathaway had filed a complaint against Dr. Lewis and Dr. Mathis alleging they were negligent in failing to discover and remove a bone fragment caused by surgery. At trial, various experts testified regarding whether a bone fragment did, in fact, exist. The jury believed the testimony provided by the defense expert, Dr. Gordon Sze, and found in favor of Drs. Lewis and Mathis. Hathaway filed a motion for a new trial and a later amended motion for a new trial. Both were denied by the circuit court. On appeal, Hathaway argues: (1) Dr. Sze provided false testimony at trial, which should result in the reversal of the judgment entered and a remand for a new trial; and (2) the trial court erred by refusing to grant Hathaway’s motion for a new trial. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In December 2004, Hathaway underwent an anterior lateral fusion on her lower spine. The surgery was performed by Dr. Lewis. After the surgery, Hathaway developed a blood clot in her left leg but had no other complications at that time. While Hathaway was still in the hospital, Dr. Mathis evaluated her and ordered a magnetic-resonance-imaging test (MRI). According to Dr. Mathis, the MRI did not reveal any blood, disc, or bone at the surgical site.
*786 ¶3. After being discharged from the hospital, Hathaway began experiencing pain at the surgical site and urinary incontinence. She saw Dr. Horace Mitchell for her symptoms. In Dr. Mitchell’s opinion, Dr. Lewis had failed to recognize and remove a bone fragment caused by the surgery. Dr. Mitchell performed surgery on Hathaway to correct the problem, but the surgery was only partially successful.
¶4. The issue surrounding the alleged bone fragment is not whether Dr. Lewis was negligent during the surgery, but whether he and Dr. Mathis were negligent in failing to discover the alleged bone fragment if it did, in fact, exist. Two experts testified at trial regarding Hathaway’s MRI scans. Dr. Kendall Jones testified on behalf of Hathaway. According to Dr. Jones, Hathaway’s MRI studies revealed a bone fragment that had likely broken off during surgery. However, Dr. Sze, the defense expert, opined the post-surgery radiographs showed a normally occurring osteophyte, or “bone spur.” He contended that there was no bone fragment caused by the surgery.
¶5. On February 27, 2007, Hathaway filed a complaint in the First Judicial District of Hinds County Circuit Court against St. Dominic — Jackson Memorial Hospital, Dr. Lewis, Dr. Emanuel Fajardo, Cogent Healthcare of Jackson LLC, Cogent Healthcare of Mississippi Inc., and John Does 1-20. Dr. Fajardo, Cogent Healthcare of Jackson, and Cogent Healthcare of Mississippi were later dismissed without prejudice. St. Dominic— Jackson Memorial Hospital was dismissed with prejudice. A jury trial began on January 24, 2011.[1] On February 1, 2011, the jury found in favor of Dr. Lewis and Dr. Mathis.
¶ 6. On February 10, 2011, Hathaway filed a motion for a new trial alleging the testimony of the defense expert, Dr. Sze, was untruthful. On April 1, 2011, she filed an amended motion for a new trial, which included an affidavit by Dr. Jones. Her request for a new trial was denied. Hathaway now appeals, arguing: (1) Dr. Sze’s testimony at trial was untruthful, and the untruthful testimony should result in the reversal of the judgment entered and a remand for a new trial; and (2) the trial court erred by refusing to grant Hathaway’s motion for a new trial.
DISCUSSION
¶ 7. A motion for a new trial challenges the weight of the evidence. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). When reviewing the denial of a motion for a new trial, “we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id. (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). Furthermore, “the evidence should be weighed in the light most favorable to the verdict.” Id.
¶ 8. Hathaway argues that Dr. Sze’s testimony was knowingly false; therefore, a new trial should have been granted. She alleges that pre-surgical radiographic images taken three months prior to surgery do not show any osteophyte. Because os-teophytes take years to form, Hathaway asserts the pre-surgery radiographic images prove that Dr. Sze was not truthful in his testimony. Hathaway further argues that because her expert, Dr. Jones, had already returned to his home in Dallas, she *787 was unable to rebut Dr. Sze’s testimony at trial.
¶ 9. As additional support for her argument that Dr. Sze testified untruthfully, Hathaway cites to a chapter Dr. Sze coauthored in the book The Comprehensive Treatment of the Aging Spine. The book contains images depicting various spinal problems. Hathaway asserts that the images showing disc degeneration, bulging, and herniation look almost identical to her pre-surgery MRI results, whereas the images showing osteophytes look nothing like her pre-surgery MRI results.
I. Motion for a New Trial
¶ 10. Mississippi Rule of Civil Procedure 59 governs motions for a new trial. Rule 59(b) states that a motion for a new trial must be filed within ten days of the final judgment. Furthermore, Rule 59(c) states “[w]hen a motion for [a] new trial is based upon affidavits[,] they shall be filed with the motion.” Here, Hathaway’s motion for a new trial was based on the allegedly untruthful testimony of Dr. Sze. Accordingly, the motion for a new trial was based on Dr. Jones’s affidavit regarding Dr. Sze’s testimony.
¶ 11. The motion for a new trial was filed on February 10, 2011, which was within ten days of the final judgment. However, the supporting affidavit by Dr. Jones was not filed until April 1, 2011. As noted above, the affidavit had to be filed with the motion for a new trial. Therefore, the affidavit on which the motion for a new trial was based was not timely filed.[2]
¶ 12. Without the supporting affidavit, Hathaway’s arguments in her motion for a new trial were not supported by evidence either presented at trial or in her motion. As such, we cannot find the trial court erred by denying her motion for a new trial. Furthermore, even if Dr. Jones’s affidavit had been filed timely, it does not establish that Dr. Sze’s testimony was false. We will discuss this further in the context of Mississippi Rule of Civil Procedure 60(b)(1).
II. Fraud, Misrepresentation, or Other Misconduct
¶ 13. Relief from a final judgment can also be found pursuant to Mississippi Rule of Civil Procedure 60(b)(1) for “fraud, misrepresentation, or other misconduct of an adverse party[.]” Dr. Jones’s affidavit states that “[n]o qualified radiologist could possibly look at the ... pre-surgery MRI studies and conclude that there was a simple osteophyte or bone spur ... that was unchanged on the post-operative study.” However, Dr. Lewis and Dr. Mathis have presented affidavits from several doctors, including two neurologists and one radiologist, who all agree with Dr. Sze’s conclusions. Therefore, this is not a case of false testimony; it is simply a case of conflicting expert testimony.
¶ 14. It is well-settled law that when conflicting expert testimony is presented, “the winner in a battle of the experts is to be decided by a jury.” Hill v. Mills, 26 So.3d 322, 330 (¶ 28) (Miss.2010). Although Hathaway asserts that her expert, Dr. Jones, was never able to rebut Dr. Sze’s testimony at trial, he did, in fact, testify regarding the issue. Before Dr. Sze ever took the stand, Dr. Jones testified to the following:
Q. When you say fragment, let’s be very precise for the jury. Put the *788 red pointer right kind of in the middle of the fragment that we are talking about there.
A. (Witness complies.)
Q. Is there any possibility in your mind that [it] is a bone spur?
A. No. That is not a bone spur. There are [two] reasons why that is not a bone spur. It is the [b]right signal for a bone. The problem is that there is fluid signal all the way around this. Again, this is the bright signal. Here is the normal spinal fluid. This is bright signal that is not spinal fluid[,] and we can see that there is nowhere for this to attach[;] it is free floating right here. The second point to make is that I had a chance to look at the pre[-]operative study. There was no bone spur on the pre[-]operative study, and it takes months to years for a bone spur to grow. So this thing couldn’t have happened in just a couple of weeks after surgery. You cannot have a bone spur grow that quickly.
The jury heard this testimony and nonetheless believed Dr. Sze’s testimony.
¶ 15. Additionally, the images from The Comprehensive Treatment of the Aging Spine to which Dr. Sze contributed do not establish that he testified falsely. Hathaway’s contention that a comparison between the images in the book and her own MRI scans proves that she did not have an osteophyte is not supported by any medical expert. Accordingly, this issue is without merit.
III. Newly Discovered Evidence
¶ 16. Mississippi Rule of Civil Procedure 60(b)(3) provides relief from a final judgment for “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).” A motion for a new trial based on newly discovered evidence should only be granted where:
(1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred;
(8)the evidence is not merely cumulative or impeaching; (4) the evidence is material; [and] (5) the evidence is such that a new trial would probably produce a new result.
Moore v. Jacobs, 752 So.2d 1013, 1017 (¶ 18) (Miss.1999) (citing Ag Pro, Inc. v. Sakraida, 512 F.2d 141, 143 (5th Cir.1975), rev’d on other grounds, 425 U.S. 273, 275-76, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976)).
¶ 17. First, Dr. Jones’s affidavit claiming that Dr. Sze’s testimony was false cannot be considered newly discovered evidence. With due diligence, his affidavit could have timely been filed with Hathaway’s motion for a new trial under Rule 59. Furthermore, Hathaway’s assertion that because Dr. Jones had already returned home before Dr. Sze’s testimony his opinion should be grounds for a new trial is without merit. Dr. Jones testified regarding the issue before Dr. Sze even testified. Dr. Jones stated: “There was no bone spur on the pre-operative study, and it takes months to years for a bone spur to grow. So this thing couldn’t have happened in just a couple of weeks after surgery. You cannot have a bone spur grow that quickly.” Accordingly, the information provided by Dr. Jones in his affidavit was presented at trial and cannot be considered newly discovered evidence.
¶ 18. Finally, although The Comprehensive Treatment of the Aging Spine was not available at the time of trial, it would have only been relevant to impeach Dr. Sze’s testimony. The law is clear that evidence that is merely impeach *789 ing cannot be the basis for a new trial based on newly discovered evidence. See Moore, 752 So.2d at 1017 (¶ 18). This issue is without merit.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. This was the second trial. The first trial, which began on March 20, 2010, resulted in a deadlocked jury.

. Rule 59(c) also provides that the "period [in which to file an affidavit] may be extended for up to twenty days either by the court for good cause shown or by the parties’ written stipulation.” However, the affidavit was filed more than twenty-one days after the ten-day window in which to file.