JAMES, J.,
for the Court:
¶ 1. Richard Dean (Dean) initiated an adverse-possession case in the Chancery *470 Court of Jackson County against the interests of Katie Slade, Guy Jackson, Flora Nichols Ragan, and Jan Dean in a parcel of land near Vancleave, Mississippi. Following a trial, the chancellor found that Dean failed to prove that he had adversely possessed the property. Dean appealed, and this Court affirmed. Dean filed a petition for a writ of certiorari, which the Mississippi Supreme Court denied. Dean then filed a motion for relief from judgment in the chancery court. That motion was heard and denied. Dean now appeals. We affirm.
FACTS
¶ 2. Dean filed a complaint for adverse possession in the Chancery Court of Jackson County on May 25, 2006. The subject property was approximately eighty acres of unimproved real estate located near Vancleave (Vancleave Property). The adverse-possession case proceeded to trial on March 5, 2009. Following the trial, the chancellor concluded that Dean failed to prove by clear and convincing evidence that he had adversely possessed the Van-cleave Property. Dean filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV), which was denied. Dean appealed the chancery court judgment, and we affirmed. Dean v. Slade, 63 So.Sd 1230, 1238 (¶ 31) (Miss.Ct. App.2011). Dean filed a motion for rehearing, which was denied by an order entered April 5, 2011. Dean petitioned for a writ of certiorari, which the Mississippi Supreme Court denied on June 23, 2011. Dean v. Slade, 63 So.3d 1229 (Miss.2011).
¶ 3. Dean then returned to the chancery court on September 1, 2011, and filed a motion for relief from judgment. In his motion and memorandum in support of his motion, Dean alleged that, prior to trial, the defense engaged in “earwigging” by improperly submitting an ex parte communication to the court prior to the entry of judgment. Dean asserted that the chancellor relied on the contents of the communication in her findings and final judgment.[1] Dean also claimed that new evidence, discovered after the trial, refuted Slade’s trial testimony pertaining to the payment of taxes on the Vancleave Property.
¶ 4. A hearing was held on April 18, 2012. On April 24, 2012, the chancellor entered a judgment denying Dean’s motion for relief from judgment. On May 3, 2012, Dean filed a motion for reconsideration and rehearing. A hearing on that motion was held on August 16, 2012, and the motion was denied by an order entered the following day. Dean appeals. Finding no error, we affirm.
DISCUSSION
¶ 5. “The decision to grant relief under Rule 60(b) of the Mississippi Rules of Civil Procedure is a matter left to the sound discretion of the trial court, and our review is limited to whether there has been an abuse of that discretion.” Sabal Corp. v. Howell, 853 So.2d 122, 124 (¶ 3) (Miss.Ct.App.2003). Thus, “[o]ur role is solely to determine whether the Rule 60(b) motion for relief from judgment was properly denied. We are not to decide the underlying issues of the judgment.” Id. (internal citation omitted).
¶ 6. On appeal, Dean raises five issues with several subparts, many of which are redundant. In addition, many of the issues Dean raises relate to the underlying *471 issues of the judgment, which, as noted above, are beyond the scope of our review. However, we note that Dean is representing himself on appeal. The Mississippi Supreme Court has held that “pro se parties should be held to the same rules of procedure and substantive law as represented parties.” Burch v. Pomes, 18 So.3d 308, 304 (¶4) (Miss.Ct.App.2009) (quoting Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987)). However, we should “credit not so well-pleaded allegations so that a pro se prisoner’s meritorious complaint may not be lost because inartfully drafted.” Id. We also give “the same deference to pro se litigants in other civil actions.” Id. (citing Zimmerman v. Three Rivers Planning & Dev. Dist., 747 So.2d 853, 856 (¶6) (Miss.Ct.App.1999)). With these principles in mind, we consolidate and restate Dean’s issues as follows: whether the trial court erred in denying Dean’s Rule 60(b) motion, finding that his motion was an attempt to relitigate the case and that the new evidence was discoverable prior to trial. Finding no error, we affirm.
I. Whether the Trial Court Erred in Denying Dean’s Rule 60(b) Motion.
¶ 7. We first question whether the chancery court had the necessary jurisdiction to entertain Dean’s motion for reconsideration. Upon Dean’s initial appeal of the chancery court’s judgment, the chancery court lost jurisdiction. See City of Cleveland v. Mid-S. Assocs., LLC, 94 So.3d 1049, 1050 (¶4) (Miss.2012) (Jurisdiction is transferred to the appellate court once a notice of appeal is filed.). And because we affirmed the judgment, as opposed to remanding the judgment, and the Mississippi Supreme Court denied certio-rari, jurisdiction did not return to the chancery court. See id. As the Mississippi Supreme Court noted in Collins v. Aeree, 614 So.2d 391, 392 (Miss.1993):
From time immemorial, we have adhered to the basic and elementary rule that our appellate affirmance ratifies, confirms, and declares that the trial court judgment was correct as if there had been no appeal. Upon issuance of our mandate, the trial court simply proceeds to enforce the final judgment. The execution of the mandate of this Court is purely ministerial.
Although in Collins the supreme court noted that there may be occasions when application of Rule 60(b) may be appropriate following an affirmance and issuance of a mandate, we do not find such an occasion present here. There is nothing in Dean’s motion that suggests that the judgment should be altered following affirmance by this Court and denial of certiorari by our supreme court. As we discuss below, Dean’s allegation of earwigging was litigated prior to his initial appeal, and the evidence he purports to be newly discovered is merely impeachment evidence that was discoverable prior to trial. As the supreme court has stated, “Rule 60(b) is not an escape hatch for lawyers and litigants who had procedural opportunities afforded under other rules and who[,] without cause[,] failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the commonplace.” Howell, 853 So.2d at 124 (¶4) (quoting Bruce v. Bruce, 587 So.2d 898, 904 (Miss. 1991)). That notwithstanding, we will proceed to address the merits of Dean’s claims.
¶ 8. Dean filed his motion for relief from judgment pursuant to Mississippi Rule of Civil Procedure 60(b). In his motion, Dean claimed that the trial court’s judgment was tainted by an ex parte communication, a fact that was reflected in the chancellor’s findings. In addition, Dean *472 alleged that newly discovered evidence refuted Slade’s trial testimony pertaining to newspaper publication of tax sales.
¶ 9. Motions for relief from judgment are governed by Rule 60 of the Mississippi Rules of Civil Procedure. Rule 60(b) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
A. Ex Parte Communication
¶ 10. The ex parte communication that Dean complains of was a trial brief submitted to the chancellor by the defendants prior to trial. The trial brief contained a summary of facts and the pertinent law on adverse possession. It is undisputed that defendants failed to serve Dean a copy of the trial brief. In denying Dean’s motion for relief, the chancellor found that the issue of the trial brief had already been litigated; thus, Dean’s motion was an attempt to reliti-gate the issue. We agree.
¶ 11. It is well established that a Rule 60(b) motion should be denied where it is merely an attempt to relitigate an issue. Woods v. Victory Mktg., LLC, 111 So.3d 1234, 1237 (¶ 13) (Miss.Ct.App.2013). See also City of Jackson v. Jackson Oaks Ltd., 860 So.2d 309, 311-12 (¶ 6) (Miss. 2003); Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984); Piernas v. Campiso, 95 So.3d 723, 726 (¶ 11) (Miss.Ct. App.2012); Guinn v. Wilkerson, 963 So.2d 555, 558 (¶ 7) (Miss.Ct.App.2006). That is precisely what Dean has attempted here.
¶ 12. Dean was apprised of the ex parte brief on March 5, 2009, when defense counsel made reference to the trial brief in open court. Following the entry of judgment, Dean filed a motion for a JNOV, which raised the issue of the ex parte brief. That motion was denied. When Dean perfected his appeal, his statement of issues did not identify the presentation of the ex parte communication as an issue for review. However, in his statement of the case, Dean included a paragraph that set forth that an ex parte trial brief was submitted to the chancellor prior to the chancellor entering the judgment. Furthermore, Dean referenced the ex parte trial brief, and the chancellor’s alleged reliance on it, at several points throughout his brief. Thus, Dean has raised this issue in his motion for a JNOV. Dean chose not to include this issue as an assignment of error in his subsequent appeal. As we noted above, “Rule 60(b) is not an escape hatch for lawyers and litigants who had procedural opportunities afforded under other rules and who[,] without cause[,] failed to pursue those procedural remedies." Howell, 853 So.2d at 124 (¶ 4). Accordingly, we find that the chancellor did not err in *473 finding that Dean’s Rule 60(b) motion was an improper attempt to relitigate this issue. Accordingly, this assignment of error is without merit.
B. Newly Discovered Evidence
¶ 13. Next, Dean argues that the chancellor erred in finding that the newly discovered evidence was discoverable prior to trial. During the trial, Slade testified that she saw the subject property listed in the newspaper for sale based on unpaid taxes in the late 1990s. Slade testified that upon seeing the notice, she contacted Dean, and he said that he would pay the taxes. Dean argues that archived editions of the Pascagoula newspaper, the Mississippi Press, refute Slade’s testimony, in that they demonstrate that no such tax-sale notices were published. Dean argues that he could not have discovered the newspapers prior to trial because Slade had not yet testified.
¶ 14. Rule 60(b)(3) provides for relief from final judgment for “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]” “[N]ew evidence is ‘evidence in existence of which a party was excusably ignorant, discovered after trial.’ ” Page v. Siemens Energy & Automation, Inc., 728 So.2d 1075, 1079 (¶ 12) (Miss.1998) (quoting January v. Barnes, 621 So.2d 915, 920 (Miss.1992)).
¶ 15. We find that, with due diligence, Dean could have discovered this evidence prior to or during the trial. For instance, Dean chose not to depose Slade prior to trial; had he done so, he may have discovered the nature of her trial testimony. Furthermore, although Dean may not have known of the necessity of this evidence prior to trial, at the close of trial, Dean requested, and was granted, additional time to submit further law in support of his case. If Dean could not have discovered this evidence before Slade’s testimony, Dean had the opportunity prior to the entry of the judgment to investigate the publication records.
¶ 16. Nevertheless, a Rule 60(b) motion based on newly discovered evidence will only be granted where:
(1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result.
Hathaway v. Lewis, 114 So.3d 783, 788 (¶ 16) (Miss.Ct.App.2013) (quoting Moore v. Jacobs, 752 So.2d 1013, 1017 (¶18) (Miss.1999)). Even if the evidence could not have been discovered prior to trial, it is clear that this evidence would only have served to impeach Slade’s testimony. Our precedent is clear: “[Ejvidence that is merely impeaching cannot be the basis for a new trial based on newly discovered evidence.” Id. at 788-89 (¶ 18).
¶ 17. Likewise, we find that this evidence is neither material nor is it such that a new trial would probably produce a new result. “For possession to be adverse it must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful.” Stringer v. Robinson, 760 So.2d 6, 9 (¶ 13) (Miss.Ct.App. 1999). This new evidence only serves to impeach Slade’s testimony about the payment, or nonpayment, of taxes on the Van-cleave Property. This portion of Slade’s testimony was relevant to the “actual or hostile” element of adverse possession. However, the chancellor found, and we affirmed, that Dean also failed to prove the *474 “open, notorious, and visible” element. Thus, a new trial would not produce a different result. Accordingly, this issue is without merit.
II. Request for Damages for Frivolous Appeal
¶ 18. Slade, Jackson, and Ragan have requested damages pursuant to Rule 38 of the Mississippi Rules of Appellate Procedure. Rule 38 provides that “[i]n a civil case if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee.” We evaluate Rule 38 frivolity by reference to Rule 11 of the Mississippi Rules of Civil Procedure. Ivy v. Merchant, 666 So.2d 445, 450 (Miss.1995). The Mississippi Supreme Court has held that “a pleading or motion is frivolous within the meaning of Rule 11 only when[,] objectively speaking, the pleader or movant has no hope of success.” Ivy, 666 So.2d at 451. Further, the “inquiry into whether a party had any hope of success is an objective one to be exercised from the vantage point of a reasonable party in [the litigant’s] position as it filed and pursued its claim.” Id. (citation and internal quotation marks omitted).
¶ 19. We cannot say that a “reasonable party” in Dean’s position would have known that his appeal had no hope of success. Further, there is nothing in the record to indicate that Dean did not act in good faith in pursuing his claims. Accordingly, we decline to impose damages, as we find this appeal was not frivolous.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Subsequent to the filing of Dean's motion, the chancellor who presided over the case at trial entered an order of recusal, and the case was assigned to another chancellor. The order noted that the chancellor recused herself in order to “avoid any appearance of impropriety."