JAMES H. CALDWELL v. ALFRED H. GEORGE.

[50 South. 631.]

MUNICIPALITIES. *Streets. Sidewalks. Obstructions. Permits by municipality to maintain. Abutting owners. Injunctions.*

Streets and sidewalks are for the use of the public throughout their full length and width, therefore:—

(*a*) A city, in the absence of legislative authority, cannot permit a permanent obstruction of a sidewalk; and

(*b*) The owners of land adjacent to such an obstruction who suffer special and peculiar damage, different from that suffered by the general public, may enjoin its maintenance, although the municipality has undertaken to permit it.

FROM the chancery court of Lauderdale county.

HON. SAMUEL WHITMAN, JR., Chancellor.

Caldwell, appellant, was complainant in the court below; George, appellee, was defendant there. From a final decree denying complainant relief he appealed to the supreme court.

The case was once before in the supreme court, but the decision then made simply dismissed the appeal because of irregularities. *Caldwell v. George,* 46 South. 169.

George, appellee, needing warehouse room for conducting his business, and finding that a portion of a street was adapted for his use applied to the municipality for permission to obstruct the same by extending his warehouse over that part of it laid off as a sidewalk. The municipal authorities passed an order purporting to grant him permission to obstruct the sidewalk by extending his warehouse over it. Thereafter appellants, adjacent land owners, began this suit seeking to enjoin George to remove the obstruction from the street. The municipality was without legislative authority to permit a permanent obstruction of its streets.

*Ethridge & Ethridge,* for appellants.

*Witherspoon & Witherspoon,* for appellee.

SMITH, J., delivered the opinion of the court.

The streets of a municipality, including the sidewalks, "from side to side and from end to end," are for the use of the public, and, in the absence of legislative authority, a board of aldermen, or city council, have no power to permit a permanent obstruction thereof. The permission, therefore, given appellee by the board of aldermen to extend his warehouse over the sidewalk in question, was void, and afforded him no protection. It being shown that appellants suffer thereby damage peculiar to themselves, different from that sustained by the general public, the injunction ought to have been granted as prayed for.

The decree of the court below is reversed, and decree here reinstating the injunction and making same perpetual; costs here and in court below to be paid by appellee.

*Reversed.*