## A. H. GEORGE *v.* J. H. CALDWELL.

[54 South. 316.]

SUPREME COURT. *Reversal.* *Code* 1906, § 4946.

Where a bill for an injunction is dismissed by the lower court and on appeal the decree is reversed and a final decree is entered in the supreme court making the injunction perpetual and in accordance with Code 1906, § 4946, is certified to the court below for execution, the cause is at an end, and the court below has no further jurisdiction except to enforce the decree as rendered in the supreme court.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, JR., Chancellor.

Bill by J. H. Caldwell et al. against A. H. George to enjoin an obstruction of a sidewalk. Defendant enjoined from continuing the obstruction and appeals.

The facts are stated in the opinion of the court.

No brief of counsel on either side found in the record.

Argued orally by *S. A. Witherspoon, Jr.,* for appellant, and *F. K. Ethridge,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellees filed their bill in the court below, praying that appellant be enjoined from extending a warehouse, which he was then erecting, over a sidewalk, thereby obstructing same. Upon this bill a temporary injunction was granted, but which, on motion of appellant, was by the chancellor dissolved. When the cause came on for final hearing upon bill, answer, and proof, appellee's bill was dismissed, and upon appeal to this court the decree of the court below was reversed, and a final decree entered here restraining the injunction and making it perpetual. The injunction, as reinstated, commanded appellant to refrain from further proceeding with the

erection of the warehouse over the sidewalk. This decree, in accordance with section 4946 of the Code and the practice of this court (*Ganong* v. *Town of Jonestown*, 53 South. 594), was by the clerk of this court certified to the clerk of the court below for execution. At the succeeding term of the court below, the cause was again set down for hearing upon the original pleadings, mandate of this court, and proof; evidence being introduced additional to that introduced on the former trial. From this evidence it appeared that after the dissolution of the injunction, while the case was still pending in the court below, and before any appeal had been taken to this court, appellant had formed a corporation, known as the A. H. George Company, which corporation erected and now owns the warehouse. Upon this evidence the court below rendered the decree now appealed from, by which appellant was commanded to remove the warehouse and all obstructions from the sidewalk, and, in event he failed to do so within sixty days, the sheriff was commanded to remove same.

The court below was without jurisdiction to render the decree appealed from. A final decree had been entered in this court, and the cause was at an end. It was remanded to the court below, not for further adjudication, but for execution, in accordance with section 4946 of the Code. Should the decree heretofore entered by this court be not of such character as to enable appellees to obtain the removal of the obstruction, as to which we express no opinion, nothing that has occurred will prevent a new proceeding from being instituted against the A. H. George Company; and as this court has already decided that the sidewalk is being unlawfully obstructed, appellees have no difficulty in obtaining the relief sought.

*The decree of the court below is vacated and held for naught.*