J. H. CALDWELL ET AL. *v.* A. H. GEORGE.

[59 South. 888.]

1. APPEAL AND ERROR. *Injunction. Reversal. Effect. Parties bound.*
   Where on motion in the trial court an injunction was dissolved and on final hearing the bill was dismissed and on appeal to the supreme court the decree was reversed and the injunction was reinstated and made perpetual, it became the duty of the defendant to obey the injunction and his failure to do so subjected him to an attachment for contempt.

2. SAME.
   A decree on appeal in the supreme court reinstating an injunction quashed in the lower court is not binding on one not made a party to the bill before decree in the trial court.

APPEAL from the chancery court of Lauderdale county. Hon. SAM WHITMAN, JR., Judge.

Bill by J. H. Caldwell and others against A. H. George. From a judgment quashing a writ requiring defendant and a corporation, not a party to the action, to vacate certain premises, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*F. V. Brahan,* for appellant.

The original bill in this case alleges that Fifth street in the city of Meridian, between Twenty-eighth and Twenty-ninth avenues, was a public street and thoroughfare of said city, etc., and that defendant, A. H. George

''is now erecting a building and structure over and across the entire sidewalk on the south side of said Fifth street, which obstructs passage on that side of said street for the entire length of said structure, about two hundred and sixty feet. That complainants are informed said George claims his authority for so doing by the act of one or the other, or both of the municipal boards of said city, granted on September 10, 1907, in the following words: 'On motion permission was granted to Mr. George to occupy sidewalk east of Twenty-ninth avenue south of Fifth street,' and complainants allege that this alleged authority was unwarranted, illegal and is an usurpation of municipal authority.'' And they prayed for an injunction, and for the removal of the buildings and structures. An injunction was granted, but on a final hearing, the court dissolved it; but on appeal the injunction was reinstated and made perpetual. See 50 So. 631.

On the remand of the case, it was tried *de novo* and a decree was rendered by the chancellor in favor of appellants, from which an appeal was prosecuted to this court. See record No. 14881, and opinion in 54 So. 316. The final decree rendered by this court in appeal No. 14196 was certified by the clerk of the supreme court to the clerk of the chancery court of Lauderdale as provided by section 4946 of the Code of 1906; and the clerk of the chancery court, as directed thereby, issued the writ of possession herein, directed to the sheriff as above stated, who served said writ on the defendant, A. H. George, together with a copy of the final decree.

We, therefore, submit that it was improper and error in the court below to restrain by motion the sheriff from executing said final decree. And it was also error in the court to overrule and deny appellants' motion to set aside and annul said motion and restraining order, and to sustain appellee's motion to quash appellants' said motion, and to render the final decree complained of.

Really, it appears that since serving A. H. George with a certified copy of the final decree hereinabove referred to, that he is in contempt thereof, for not removing said buildings and structures, and not vacating said premises. The fact, if it be a fact, that since this original bill was filed against A. H. George, that he has formed a corporation known as the A. H. George Company, which corporation completed the erection of the buildings that A. H. George began, and which corporation now claims to own the buildings, cannot, I submit, prevent complainants from obtaining the relief prayed for against A. H. George, and which has been adjudged then by the opinion of this court in the 50 So. 631, for the reasons that the only permission granted by the municipal boards to occupy the sidewalk on Fifth street was granted to A. H. George, and not to A. H. George Company, and as this court has held, *ante*, was void and afforded him no protection. Then, how on earth could he delegate to his company any greater authority than he possessed?

Again, A. H. George was charged with notice of the suit pending against him, at the time he pretended to form said company, and such notice bound not only him, but the company as well, and the company is as fully bound by the final decree as if it had been a party defendant to the original bill. And both the defendant and it—the defendant's company—proceeded to erect and complete said buildings without authority of law, and at their peril, and both should suffer alike by removing the same.

It would be a monstrous fraud on litigants, and the courts as well to permit one sued for obstructing public highways or street after suit was instituted against the principal wrongdoer, to himself form a partnership or corporation and undertake to shelter himself under its supposed rights. By such methods, litigation would be interminable and you could never eject a wrongdoer.

In conclusion, I submit to the court that it has the power under this proceeding, to grant full relief against A. H. George and the A. H. George Company, without further delay or expense to appellants, and without further annoyance and inconvenience to the public of Meridian; and I respectfully ask that this court grant full power and authority to the proper legal authorities of Lauderdale county, to remove all of said buildings and obstructions forthwith from said Fifth street sidewalk between Twenty-eighth and Twenty-ninth avenues, in said city of Meridian, Mississippi.

*Witherspoon & Witherspoon,* for appellee.

No brief of counsel for appellee on file.

SMITH, C. J., delivered the opinion of the court.

Appellants filed a bill in the court below against appellee, upon which they obtained a temporary injunction directing him to "refrain from further proceeding with the erection of a structure on the south side of Fifth street over and across the sidewalk thereof, in the city of Meridian, Miss." This injunction on motion was dissolved, and on final hearing the bill was dismissed. After the dissolution of this injunction, and before final decree dismissing the bill, the structure over the sidewalk was completed either by A. H. George or A. H. George Company. At a former term of this court this decree was reversed and final judgment rendered here (*Caldwell* v. *George,* 96 Miss. 484, 50 South. 631), by which it was adjudged "that the decree of said chancery court rendered in this cause on the 20th day of May, 1909, be and the same is hereby reversed, the injunction reinstated and made perpetual, and that the appellee pay the costs of this cause in this court and in the court below to be taxed," etc. This judgment was certified to the court below, as provided by section 4946 of the Code of 1906.

On the 23d day of March, 1911, the clerk of the court below delivered to the sheriff the following writ for execution: "You are hereby commanded forthwith to put J. H. Caldwell, Edward B. Caldwell, Caroline A. Rubica, Sarah C. Regnal and Anna F. Jones in possession of the following described land and premises, to wit: That certain sidewalk fifteen feet in width on the south side of Fifth street between Twenty-eighth and Twenty-ninth avenues in the city of Meridian, Miss. now occuped by a warehouse by A. H. George and A. H. George Company, and that you forthwith require the said A. H. George and A. H. George Company to remove said building and any and all obstructions off of the said street and sidewalk on said Fifth street between said Twenty-eighth and Twenty-ninth avenues in said city situated, lying, and being in Lauderdale county, Mississippi; and to eject from the said land and premises the said A. H. George and A. H. George Company and any and all other persons and buildings and any and all persons unlawfully claiming or occupying the same; the supreme court of the state of Mississippi, in the state aforesaid, having, on the 6th day of December, A. D. 1909, thereof decreed the possession of the said land and premises to the said complainants, and rendered perpetual their injunction against A. H. George and all others from further obstructing the same in the suit in said court No. 14196, wherein Jas. H. Caldwell et al. were complainants, and A. H. George was defendant."

This writ, having been served upon appellee by the sheriff, was upon motion filed by his quashed by decree of the court below, from which decree this appeal is taken. When the final decree was rendered in this court, it became the duty of appellee to obey the injunction therein reinstated without further service of process. Had he thereafter proceeded "with the erection of a structure" "over and across the sidewalk," he would have been subject to an attachment for contempt of court.

A. H. George Company, however, was not a party to the litigation, and consequently is not bound by the decree. If appellants desired a decree against this company, they should have made it a party defendant by amendment to the bill before final decree in the court below. The decree as rendered by this court seems not to grant the full relief prayed for in the bill, but it could have been corrected so as to grant this relief as against A. H. George had the court's attention been called thereto by a motion seasonably made.

The court below committed no error in quashing the writ, and its decree is affirmed.

*Affirmed.*