ON WRIT OF CERTIORARI

RANDOLPH, Justice,
for the Court:
¶ 1. Before the Court today on certiorari review is an appeal by the City of Cleveland (“the City”) of a judgment of the DeSoto County Chancery Court denying the City’s motion for attorney fees. We find that, after the Court of Appeals rendered the underlying case and this Court denied certiorari review, the case was at its end. The chancery court did not thereafter have jurisdiction. Accordingly, we affirm the judgment of the DeSoto County Chancery Court finding that it did not have jurisdiction. As the jurisdictional issue is dispositive, we decline to address the chancery court’s alternative holding to deny the City’s motion for attorney fees, and we vacate the opinion of the Court of Appeals.
FACTS
¶ 2. In 2006, Mid-South applied to the Department of Health (“DOH”) for a certificate of need, and the City intervened in *1050 the proceeding to oppose the application. In 2007, DOH issued a final order denying the certificate of need. Mid-South appealed to the DeSoto County Chancery Court, which, in January 2008, reversed the DOH order. The City and DOH appealed the chancery court’s decision to this Court, and we assigned the case to the Mississippi Court of Appeals. In April 2009, the Court of Appeals reversed and rendered the chancery court’s order and reinstated the DOH final order. A motion for rehearing was denied. Mid-South filed a petition for writ of certiorari, which this Court denied, terminating the case. Miss. State Dep’t of Health v. Mid-South Assoc., LLC, 25 So.3d 358 (Miss.Ct.App.2009) reh’g denied (Sept. 29, 2009), cert. denied (Jan. 21, 2010).
¶ 3. Six days later, the City filed a motion in the DeSoto County Chancery Court seeking attorney fees and costs, citing as its basis Mississippi Code Section 41-7-201(2)(f). The chancellor denied the motion, finding that it lacked jurisdiction and, alternatively, that the City was not entitled to attorney fees under Mississippi Code Section 41-7-201 (2)(f). The City appealed again. We assigned the appeal of that order to the Mississippi Court of Appeals. The Court of Appeals affirmed the chancery court’s denial, relying on the chancery court’s alternative basis that Mississippi Code Section 41 — 7—201(2)(f) did not provide for attorney fees, but failed to address the jurisdictional issue. See Miss.Code Ann. § 41-7-201(2) (Rev.- 2009).
ANALYSIS
¶ 4. We find that the chancery court lacked jurisdiction to grant the City’s motion for attorney fees, which was filed after the case ended. Upon the City’s appeal of the chancery court’s judgment, the chancery court lost jurisdiction. Corporate Mgmt., Inc. v. Greene County, 23 So.3d 454, 460 (Miss.2009) (“Filing a notice of appeal transfers jurisdiction from the trial court to an appellate court.”). And because the Court of Appeals rendered judgment in the underlying case, as opposed to remanding, the chancery court did not regain jurisdiction.[1] The chancellor properly recognized her lack of jurisdiction, stating that:
because they [the Appellate Court] did not [remand the case], ... and they did address ... that they reversed and rendered, not reversed and remanded, so that did not give the jurisdiction back to me.... [T]hey did not remand it to me, so I don’t think that I have any authority to make a decision with regard to [attorney’s fees].... [M]y interpretation of the statute is, if the Supreme Court or the Appellate Court had wished for the Chancery Court to make a ruling or make a decision about the reasonableness of the fees, they would have remanded it to me and required me to make a ruling.
We fully agree with the chancellor’s finding that, because the case was rendered— not remanded — the chancery court lacked jurisdiction to adjudicate and award attorney fees.
¶ 5. This Court provided more than a century ago that after “[a] final decree had been entered in this court,[2] and the cause was at an end[,]” “[t]he court below was without jurisdiction to render [a] decree[.]” *1051 George v. Caldwell, 98 Miss. 820, 54 So. 316 (1911). The same is true in the case before us: the Court of Appeals entered a final opinion reversing the chancery-court judgment and rendering the case. After the case was rendered, the chancery court had no jurisdiction to adjudicate and award attorney fees.
¶ 6. All issues that had been raised, or could have been raised, were terminated when the Court of Appeals rendered the case and this Court denied certiorari review. In its original filings in chancery court (Mid-South’s original appeal from the DOH decision), the City failed specifically to seek attorney fees. On appeal from the chancery court’s reversal of the DOH order, the City failed to request that the Court of Appeals reverse the chancery court’s judgment and remand to the chancery court to allow it to seek its claim for attorney fees. To the contrary, the City specifically asked the Court of Appeals to reverse and render. It was only after the Court of Appeals reversed and rendered that the City first sought attorney fees in the chancery court. We find no error in the chancery court’s judgment that it was without jurisdiction.
CONCLUSION
¶ 7. Finding that the chancery court correctly determined that it had no jurisdiction, we find it unnecessary to address the chancellor’s alternative basis. Thus, the Court of Appeals likewise was without jurisdiction to consider the alternative basis. Accordingly, we affirm the judgment of the DeSoto County Chancery Court, and vacate the opinion of the Court of Appeals.
¶ 8. THE JUDGMENT OF THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. This case illustrates the problems that can arise when an appellate court reverses and renders a case rather than reversing and remanding for entry of judgment consistent with its opinion. As a general policy, this Court and the Court of Appeals should favor remanding to rendering, so that, on remand, courts may address pending or ancillary matters, if any.

. See Caldwell v. George, 96 Miss. 484, 50 So. 631 (1909).