LEE, C.J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
FACTS AND PROCEDURAL HISTORY
¶ 1. The motion for rehearing is denied, and our original opinion is withdrawn with this opinion substituted in lieu thereof.
¶ 2. This case began in November 1999, when Carolyn K. McNeel was terminated from her employment as a social worker with the Winston County Department of Human Services. McNeel appealed her termination to the Mississippi Employee Appeals Board (EAB). The hearing officer ordered that McNeel be reinstated to her position with back pay and benefits that had accrued since the date of termination. The EAB affirmed the hearing officer’s decision on April 23, 2001. McNeel’s brief states on page nine the gross amount of back pay was found to be $147,294.10, and after various payroll deductions came to a net amount of $92,251.39. The Mississippi Department of Human Services (MDHS) then appealed to the Hinds County Circuit Court, which affirmed the decision of the EAB. MDHS appealed to the Mississippi Supreme Court, which also affirmed the EAB’s decision. See Miss. Dep’t of Human Sens. v. McNeel, 869 So.2d 1013, 1020 (¶27) (Miss. 2004).
¶ 3. Following her reinstatement and the receipt of her back pay, McNeel filed an *246 appeal with the EAB raising several issues regarding her back pay and reinstatement. The hearing officer found that MDHS had failed to follow the previous order. The hearing officer granted McNeel some relief, but denied some of her requests. The EAB affirmed the hearing officer’s decision. The appeal from the EAB’s decision was ultimately transferred to the Winston County Circuit Court, which affirmed in part and reversed and remanded in part. Both McNeel and MDHS appealed that decision. The Mississippi Supreme Court affirmed in part and reversed and remanded in part. Miss. Dep’t of Human Sens, v. McNeel, 10 So.3d 444, 463 (1148) (Miss. 2009). The supreme court remanded for MDHS to report properly McNeel’s back pay to the Social Security Administration (SSA) for the determination of post-judgment interest and clarification of what pay increase and/or advancement to which McNeel might have been entitled. Id. at 463 (¶¶ 46-47). The supreme court also found the EAB erred in determining it could not award post-judgment interest, and remanded this issue to the EAB for a determination of how much post-judgment statutory interest McNeel was due upon the award of back pay. Id. at 459-60 (¶¶ 34-35).
¶ 4. Upon remand, the hearing officer entered an order on December 1, 2009, ordering MDHS to complete the following: place McNeel in the position she would have been eligible for but for her wrongful termination; award McNeel all promotions and salary increases to which she would have been entitled; pay McNeel all medical expenses incurred during her wrongful termination; report and pay to the SSA McNeel’s back pay pursuant to Internal Revenue Service regulations; and pay 8% post-judgment interest from the overall lump sum of McNeel’s back pay. McNeel appealed to the Winston County Circuit Court, which affirmed the decision of the EAB.
¶ 5. McNeel now appeals, asserting the following issues: (1) she should have been awarded compound interest; (2) the EAB should have specified the date when the interest should begin to accrue; (3) an independent accounting firm or the State Auditor’s Office should be appointed to calculate the monies owed to her; (4) her raise should have been greater than she received; and (5) she should receive additional benefits due to her recent promotion.
STANDARD OF REVIEW
¶ 6. The decision of an employee appeals board will be upheld upon judicial review unless it is: “(a) [n]ot supported by any substantial evidence; (b) [a]rbitrary or capricious; or (c) [i]n violation of some statutory or constitutional right of the employee.” Miss.Code Ann. § 25-9-132(2)(a)-(c) (Rev.2010). An appellate court will not disturb a decision of an administrative agency if substantial evidence supports that agency’s finding, and the scope of review is limited to the factual findings of the agency. Walters v. Miss. Dep’t of Econ. & Cmty. Dev., 768 So.2d 893, 895 (¶ 8) (Miss.2000). This Court “may neither substitute its own judgment for that of [the] administrative agency which rendered the decision nor reweigh the facts of the case.” Miss. Transp. Comm’n v. Anson, 879 So.2d 958, 964 (¶ 18) (Miss.2004).
DISCUSSION
I. COMPOUND INTEREST
¶ 7. In her first issue on appeal, McNeel argues that she should have been awarded compound interest. On remand, the supreme court ordered the EAB to determine, pursuant to Mississippi Code *247 Annotated section 75-17-7 (Rev.2000), the post-judgment interest rate to which McNeel was entitled. McNeel, 10 So.3d at 463 (¶ 47). “The general rule is that ‘when interest is allowable, it is to be computed on a simple rather than compound basis in the absence of express authorization otherwise.’ ” Exxon Corp. v. Crosby-Miss. Res., Ltd., 40 F.3d 1474, 1489 (5th Cir. 1995) (citing Stovall v. Illinois Cent. Gulf R.R., 722 F.2d 190, 192 (5th Cir.1984)). Mississippi Code Annotated section 75-17-7 (Rev.2009) allows the trial court to set the rate and, in effect, the method of its calculation. See Estate of Baxter v. Shaw Assocs., 797 So.2d 396, 407 (¶ 48) (Miss.Ct. App.2001) (Pursuant to section 75-17-7, the trial court could decide whether prejudgment interest was simple or compound.); see also In re Guardianship of Duckett v. Duckett, 991 So.2d 1165, 1182 (¶ 40) (Miss.2008) (“The purpose of [section 75-17-7 is to allow parties to recover both pre[-]judgment and post-judgment interest.”). Since the EAB did not specify that the 8% interest be computed on a compound basis, we conclude that the EAB meant for the interest to be computed on a simple basis. We find no merit to this issue.
II.DATE FOR INTEREST TO ACCRUE
¶ 8. In her next issue on appeal, McNeel argues that the EAB should have specified the date when interest should begin to accrue. Section 75-17-7 states that the percentage rate should be “set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.” McNeel had been awarded her back pay on July 16, 2004. The back pay totaled $147,294.10, but it was reduced to $92,251.39 after deducting taxes, social security, retirement, and medicare. This amount did not include any interest that accrued during the period of her termination and post-judgment. We interpret the supreme court’s 2009 opinion and the EAB’s December 1, 2009 order to require McNeel to be paid 8% post-judgment simple interest per annum on the net back-pay award of $92,251.39 from the date the judgment was awarded, April 23, 2001, to the date on which the judgment was satisfied, July 16, 2004. This issue is without merit.
III. REQUEST FOR INDEPENDENT ACCOUNTING
¶ 9. In her third issue, McNeel argues that the EAB should appoint an independent accounting firm or the State Auditor’s Office to calculate all monies owed to her. However, the supreme court addressed this issue, finding that McNeel was not entitled to this request. McNeel, 10 So.3d at 462-63 (¶¶ 44-45). The supreme court has already addressed this issue and found it is without merit.
IV. RAISE
V. ADDITIONAL BENEFITS
¶ 10. In her final two issues on appeal, McNeel argues that she was entitled to a higher raise and additional benefits due to her recent promotion. McNeel raised these issues for the first time in her appeal to the trial court. The trial court found that McNeel failed to offer proof that she was entitled to a higher raise or additional benefits. We agree and find no merit to these issues.
¶11. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, *248 CARLTON, MAXWELL AND RUSSELL, JJ, CONCUR. FAIR, J., NOT PARTICIPATING.