# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00877-SCT

*MITCHELL SCRUGGS, EDDIE SCRUGGS,*
*SCRUGGS FARMS & SUPPLIES, LLC, AND*
*SCRUGGS FARM JOINT VENTURE*

*v.*

*FARMLAND MUTUAL INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/2021 |
| TRIAL JUDGE: | HON. JOHN R. WHITE |
| TRIAL COURT ATTORNEYS: | JIM WAIDE |
| | RACHEL PIERCE WAIDE |
| | MICHAEL O. GWIN |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JIM WAIDE |
| ATTORNEY FOR APPELLEE: | MICHAEL O. GWIN |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 03/09/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.    Almost two decades ago, this Court handed down *Farmland Mutual Insurance Co.*

*v. Scruggs*, 886 So. 2d 714 (Miss. 2004).   In that opinion, this Court held that Farmland

Mutual Insurance Co., the liability insurer for Mitchell Scruggs, Eddie Scruggs, Scruggs

Farms & Supplies LLC, and Scruggs Farm Joint Venture (collectively, Scruggs), had no duty

to defend Scruggs in a federal lawsuit by Monsanto Company.  *Id.*  The reason no coverage

applied was because Monsanto had alleged that Scruggs committed the intentional act of

conversion by saving and using unlicensed seeds. *Id.* at 719-21. Eight years later, in 2012, Scruggs scored a victory in federal court. *Monsanto Co. v. Scruggs*, 890 F. Supp. 2d 729 (N.D. Miss. 2012). A district court judge overturned a jury's verdict that Scruggs had willfully violated Monsanto's patents. *Id.* at 742. Consequently, Scruggs was not liable for treble damages and attorney's fees. *Id.*

¶2. With this federal ruling of no willfulness in hand, Scruggs returned to state court in 2013. Citing Rule 60(b) of the Mississippi Rules of Civil Procedure, Scruggs asked the Lee County Circuit Court to reopen and vacate the final judgment entered in 2004 in favor of Farmland on the coverage issue. Scruggs asserted this Court's opinion had been erroneously decided based on facts that came to light in *Monsanto*.

¶3. The circuit court rejected the motion as untimely under Rule 60(b). Scruggs has appealed. While Scruggs asserts the motion was timely, we find the motion's timing is irrelevant. Simply put, Rule 60(b) is not a procedural vehicle for a *trial court* to overturn a mandate issued from *this Court*. Trial courts lack jurisdiction to entertain such requests. *George v. Caldwell*, 98 Miss. 820, 54 So. 316 (1911). And lack of jurisdiction is something this Court can—and should—take notice of sua sponte. *E.g.*, *Hotboxxx, LLC v. City of Gulfport*, 154 So. 3d 21, 27 (Miss. 2015) (citing *City of Madison v. Bryan*, 763 So. 2d 162, 166 (Miss. 2000); *In re City of Biloxi*, 113 So. 3d 565, 570 (Miss. 2013)). Because the trial court lacked jurisdiction to grant Scruggs's request, we affirm the circuit court's denial of the motion.

¶4. Scruggs argued the Rule 60(b) motion to the Lee County Circuit Court. But the judgment Scruggs sought to alter came from *this Court*, the Supreme Court. By asking the circuit court to grant relief from this Court's decree, by means of a Rule 60(b) motion, Scruggs was really requesting the circuit court violate the mandate rule.

¶5. "A 'mandate' is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed." 5 Am. Jur. 2d *Appellate Review* § 679, Westlaw (database updated Mar. 2023). And in American courts, following an appellate decision, the mandate rule applies. "The mandate rule is a specific application of the 'law of the case' doctrine . . . ." 5 Am. Jur. 2d *Appellate Review* § 684, Westlaw (database updated Mar. 2023). Under the "'mandate rule,' when a case has been decided by an appellate court on appeal, . . . whatever was before the appellate court, and disposed of by its decree, is considered as finally settled . . . ." *Id.* Thus, the mandate rule stands as "a jurisdictional bar on the inferior court's authority to reconsider issues that were expressly or impliedly decided in a previous appeal." *Id.*

¶6. "This fundamental rule binds every court to honor rulings in the case by superior courts." ***Casey v. Planned Parenthood of Se. Pa.***, 14 F.3d 848, 856 (3d Cir. 1994). As the United States Supreme Court has stated, "In its earliest days this Court consistently held that an inferior court has *no power or authority* to deviate from the mandate issued by an appellate court." ***Briggs v. Pa. R.R. Co.***, 334 U.S. 304, 306, 68 S. Ct. 1039, 92 L. Ed. 1403 (1948) (emphasis added). Almost two centuries ago, the Supreme Court of Arkansas

summed up this long-standing jurisdiction rule well—as an inferior court, the trial court "is bound by the judgment or decree as the law of the case, and . . . cannot vary it, or judicially examine it for any other purpose than execution." *Fortenberry v. Frazier*, 5 Ark. 200, 202 (1843). "It can give no other or further relief as to any matter decided by the Supreme Court, *even where there is error apparent . . . .*" *Id.* (emphasis added).

¶7. The almost twenty-year-old opinion and mandate Scruggs seeks to overturn conferred no jurisdiction to the trial court. No issues were remanded for further proceedings. Instead, this Court definitively ruled that Farmland Mutual had no duty to defend. *Farmland*, 886 So. 2d at 721. And we reversed the trial court's ruling that Farmland had a duty to defend and *rendered* judgment in Farmland's favor. *Id.* Following the denial of Scruggs's motion for rehearing, the mandate issued in December 2004. Once the "final decree had been entered by this court, . . . the cause was at an end." *George*, 54 So. at 316. And the circuit court could grant no relief on the coverage question. *See City of Cleveland v. Mid-S. Assocs., LLC*, 94 So. 3d 1049, 1051 (Miss. 2012) (holding that, "after the case was rendered, the chancery court had no jurisdiction to adjudicate" any issues).

¶8. Because the circuit court lacked jurisdiction to grant Scruggs's Rule 60(b) motion based on the mandate rule, we affirm.

¶9. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**