# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-01102-SCT

*L.C. SLAUGHTER AND ISIAC JACKSON*

*v.*

*CITY OF CANTON, MISSISSIPPI, AND BOARD
OF ALDERMEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/08/2023 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| TRIAL COURT ATTORNEYS: | EDWARD BLACKMON, JR. |
| | BARBARA MARTIN BLACKMON |
| | BRADFORD J. BLACKMON |
| | PIETER JOHN TEEUWISSEN |
| | KIMBERLY BANKS |
| | JOHN PRINCE MARTIN |
| | DONALD A. McGRAW, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BARBARA MARTIN BLACKMON |
| | BRADFORD J. BLACKMON |
| | EDWARD BLACKMON, JR. |
| ATTORNEY FOR APPELLEES: | KIMBERLY BANKS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 10/17/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.    L.C. Slaughter and Isiac Jackson appeal the circuit court's denial of their petition for back pay.  Because the circuit court lacked jurisdiction to consider the issue, the circuit court's denial of the petition is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2. Slaughter and Jackson were removed as commissioners of the Canton Municipal Utilities Commission (CMU Commission) by the City of Canton Board of Aldermen (Board). *City of Canton v. Slaughter*, 358 So. 3d 637, 639 (Miss. 2023). Slaughter and Jackson appealed their removal to the Madison County Circuit Court. *Id.* at 640. In their notice of appeal and supporting briefs, Slaughter and Jackson asserted their removal was illegal and void as a matter of law since they were denied their rights to due process. Slaughter and Jackson requested that the circuit court reverse the Board's decision and reinstate them to their positions as commissioners. The circuit court agreed and "found that the actions taken to remove Slaughter and Jackson . . . were 'void as a matter of law.'" *Id.* The circuit court reinstated Slaughter and Jackson to their positions as commissioners of the CMU Commission. *Id.* The Board appealed. *Id.*

¶3. On appeal, this Court affirmed the circuit court's reinstatement, finding that "[a]bsent notice and an opportunity to be heard prior to removal, the Board's decision to remove Slaughter and Jackson from their appointed positions was improper." *Id.* at 643. The Court's mandate issued April 6, 2023, affirming the circuit court's reinstatement of Slaughter and Jackson.

¶4. Three weeks later, on April 27, 2023, Slaughter and Jackson filed a petition for back pay in the circuit court. The petition was filed in the same Madison County Circuit Court cause number.[1]

¶5. In their petition, Slaughter and Jackson sought back pay for the "sums which were

---

[1] Madison County Circuit Court Cause No. 20-161.

2

illegally withheld from them by the illegal actions of the [Board]." In response, the Board argued the petition should be denied because (1) "the City does not exercise any control over the pay of Canton Utility Commissioners," and (2) back pay was never asserted by Slaughter or Jackson or awarded by the circuit court or this Court.

¶6. The circuit court found Slaughter and Jackson were "not entitled to back pay from the City of Canton or its Board of Alderman" and therefore denied the petition "for the reasons put forth in the [Board's] response brief." Slaughter and Jackson now appeal.

¶7. On appeal, Slaughter and Jackson argue the circuit court erred by "refusing to award [them] back pay[.]" Slaughter and Jackson claim that because this Court held "that [they] were illegally fired . . . they are entitled to damages in the amount of pay they would have received had they not been fired." The Board, on the other hand, argues the circuit court "was divested with jurisdiction, as the matter was not remanded, and [Slaughter and Jackson] did not raise [b]ack [p]ay before the [circuit] court, on appeal[,] or in any pleadings until after the mandate/order was issued."

## STANDARD OF REVIEW

¶8. "Jurisdiction is a question of law, which this court reviews de novo." *Pekin Ins. Co. v. Hinton*, 192 So. 3d 966, 970 (Miss. 2016) (citing *Horne v. Mobile Area Water & Sewer Sys.*, 897 So. 2d 972, 975 (Miss. 2004)).

## DISCUSSION

¶9. "A 'mandate' is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the

3

lower court to have the appellate court's judgment duly recognized, obeyed, and executed."

***Scruggs v. Farmland Mut. Ins. Co.***, 359 So. 3d 1045, 1046 (Miss. 2023) (citing 5 Am. Jur.

2d *Appellate Review* § 679, Westlaw (database updated Mar. 2023)). "Upon issuance of our

mandate, the trial court simply proceeds to enforce the final judgment." ***Collins v. Acree***,

614 So. 2d 391, 392 (Miss. 1993). "The execution of the mandate of this Court is purely

ministerial." ***Id.*** (citing ***Denton v. Maples***, 394 So. 2d 895, 897 (Miss. 1981)).

¶10.    In ***City of Cleveland v. Mid-South Associates, LLC***, this Court found that the trial

court lacked jurisdiction to consider a motion for attorney fees after the appellate court had

rendered judgment. ***City of Cleveland v. Mid-S. Assocs., LLC***, 94 So. 3d 1049, 1049 (Miss.

2012).    There, the Department of Health (DOH) denied Mid-South's application for a

certificate of need. ***Id.*** at 1050. Mid-South appealed to the chancery court, which reversed

the DOH order. ***Id.*** "The City and DOH appealed the chancery court's decision to this

Court, and we assigned the case to the Mississippi Court of Appeals." ***Id.*** "[T]he Court of

Appeals reversed and rendered the chancery court's order and reinstated the DOH final

order." ***Id.*** "Mid-South filed a petition for writ of certiorari, which this Court denied,

terminating the case." ***Id.***

¶11.    Six days later, the City filed in chancery court a motion for attorneys' fees and costs.

***Id.***    The chancery court "denied the motion, finding that it lacked jurisdiction and,

alternatively, that the City was not entitled to attorney fees[.]" ***Id.*** The City appealed. ***Id.***

"The Court of Appeals affirmed the chancery court's denial, relying on the chancery court's

alternative basis . . . but failed to address the jurisdictional issue." ***Id.*** This Court granted

4

certiorari to consider and address the jurisdictional issue. *Id.* at 1049.

¶12.    On certiorari, the Court found that "the chancery court lacked jurisdiction to grant the City's motion for attorney fees, which was filed after the case ended." *Id.* at 1050. The Court affirmed the chancery court's denial of the motion for a lack of jurisdiction, and it vacated the opinion of the Court of Appeals. *Id.* at 1049.

¶13.    The Court explained:

> Upon the City's appeal of the chancery court's judgment, the chancery court lost jurisdiction. *Corporate Mgmt., Inc. v. Greene County*, 23 So. 3d 454, 460 (Miss. 2009) ("Filing a notice of appeal transfers jurisdiction from the trial court to an appellate court."). And because the Court of Appeals rendered judgment in the underlying case, as opposed to remanding, the chancery court did not regain jurisdiction. . . .
>
> This Court provided more than a century ago that after "[a] final decree had been entered in this court, and the cause was at an end[,]" "[t]he court below was without jurisdiction to render [a] decree[.]" *George v. Caldwell*, 98 Miss. 820, 54 So. 316 (1911). The same is true in the case before us: the Court of Appeals entered a final opinion reversing the chancery-court judgment and rendering the case. After the case was rendered, the chancery court had no jurisdiction to adjudicate and award attorney fees.
>
> All issues that had been raised, or could have been raised, were terminated when the Court of Appeals rendered the case and this Court denied certiorari review.

*City of Cleveland*, 94 So. 3d at 1050-51 (alterations in original) (footnotes omitted).

¶14.    Here, as in *City of Cleveland*, Slaughter and Jackson's petition for back pay was filed after the case had ended. *Id.* at 1050. "Upon the [Board]'s appeal of the [circuit] court's judgment, the [circuit] court lost jurisdiction." *Id.* (citing *Corp. Mgmt., Inc.*, 23 So. 3d at 460). Because this Court affirmed the circuit court's reinstatement of Slaughter and Jackson and did not remand the case to the circuit court for further proceedings, the circuit court

5

never regained jurisdiction. *Id.* "A final decree had been entered in this [C]ourt, and the cause was at an end." *George*, 54 So. at 316. Consequently, "the [circuit] court had no jurisdiction to adjudicate and award [back pay]." *City of Cleveland*, 94 So. 3d at 1051.

¶15. In support of their argument that they are entitled to back pay, Slaughter and Jackson rely on *Bailey v. Jefferson County Board of Supervisors (Bailey I)*, 322 So. 3d 479 (Miss. Ct. App. 2021), and *Bailey v. Jefferson County Board of Supervisors (Bailey II)*, 371 So. 3d 209 (Miss. Ct. App. 2023). But *Bailey I* and *Bailey II* are distinguishable and inapplicable.

¶16. In *Bailey I*, the Jefferson County Board of Supervisors removed Bailey from office as a county constable. *Bailey I*, 322 So. 3d at 480. Bailey filed a bill of exceptions, asserting he was removed from office without notice or a hearing in violation of his right to due process. *Id.* at 481. In his bill of exceptions, Bailey "requested that the [circuit] court vacate the Board's decision and sought 'general relief.'" *Id.* After the Board set a date for a special election, Bailey filed a petition for a temporary restraining order and a motion for preliminary injunction and "reasserted that he was unlawfully removed from office." *Id.* Bailey "asked the [circuit] court to enjoin the Board from continuing with its decision" and requested "damages and costs sustained in light of the interference with [his] duty to serve papers[;] court costs[;] attorney's fees[;] and any compensatory damages consistent with th[e] court." *Id.* (second, third, forth, fifth, and sixth alterations in original) (internal quotation mark omitted). "The [circuit] court found that Bailey's bill of exceptions was untimely filed." *Id.* As a result, the circuit court denied Bailey's petition and motion and dismissed the action for

6

a lack of jurisdiction. *Id.* Bailey appealed. *Id.*

¶17. On appeal, the Court of Appeals found Bailey was not given sufficient notice, and it reversed and remanded the case to the circuit court. *Id.* at 482-83. In doing so, the Court of Appeals stated:

> Bailey acknowledges that he "[cannot] be restored to his position [as constable]," but he claims he should be awarded damages "for the loss of wages sustained[,] . . . other nominal damages, and special damages . . . ." In the conclusion of his supplemental brief, he requests "relief for damages sustained from the Board's decision including but not limited to nominal and compensatory damages; pecuniary damages; costs of appeal and attorney's fees; and . . . such other and further relief as the circumstances warrant." On remand, the circuit court should determine whether Bailey has preserved any claim for relief or damages, including whether he was eligible to serve in his prior elected office because of his residency. We express no opinion regarding whether Bailey has any legal right to recover damages or whether his claim is viable, as the parties have not addressed those issues on appeal.

*Id.* (alterations in original).

¶18. On remand, the circuit court found "the record did not contain substantial evidence to support the Board's decision to remove Bailey from his position as constable[,]" but it "declined to award damages[.]" *Bailey II*, 371 So. 3d at 211. Bailey appealed. *Id.*

> On appeal, the Court of Appeals found as follows:

> [W]e see no reason why Bailey would not be entitled, at least, to the amount of compensation he would have received as a constable had the Board not improperly removed him from office. Accordingly, we reverse the circuit court's judgment, render judgment in favor of Bailey, and remand to the circuit court for a hearing and ruling on damages.

*Id.* at 212-13.

¶19. Here, unlike in *Bailey I*, Slaughter and Jackson failed to initially assert or request back pay in the circuit court. Instead, they raised the issue for the first time *after* the appeal had

7

been resolved and the mandate had been issued.  Moreover, here, unlike in **Bailey I** or **Bailey II**, the Court did not remand any issues, including damages, to the circuit court.  As a result, the circuit court never regained jurisdiction.  Thus, "*[a]ll issues that* had been raised, or *could have been raised*, were terminated" when this Court affirmed the circuit court's reinstatement of Slaughter and Jackson and issued its mandate.  **City of Cleveland**, 94 So. 3d at 1051 (emphasis added).  The Court's affirmance became final when the mandate was issued, bringing the case to an end.  **Id.** at 1050-51.[2]

¶20.    Other cases cited by Slaughter and Jackson are also distinguishable.  In **Yarbrough v. Camphor**, Camphor asserted and requested full back pay in his amended complaint.  **Yarbrough v. Camphor**, 645 So. 2d 867, 872 (Miss. 1994).  Thus, damages were addressed and awarded by the trial court *before* the appeal to the appellate court.  *See **id.*** at 869 ("The [trial] court found that the suspension and termination of Camphor . . . was without authority of law" and "that Camphor never received his deserved salary, although he remained willing to resume the duties and obligations of his employment.").  In both **Gill v. Mississippi Department of Wildlife Conservation** and **Mississippi Department of Transportation v.**

---

[2] In **City of Cleveland**, the City failed specifically to seek attorneys' fees in its original filings in chancery court.  **City of Cleveland**, 94 So. 3d at 1051.  "On appeal from the chancery court's reversal of the DOH order, the City failed to request that the Court of Appeals reverse the chancery court's judgment and *remand* to the chancery court to allow it to seek its claim for attorney fees."  **Id.**  Here, as in **City of Cleveland**, Slaughter and Jackson failed to seek back pay in its original filings in the circuit court.  Although they asked that the circuit court reverse the Board's removal, they did not seek back pay.  And on appeal, they failed to request that this Court affirm and *remand* to the circuit court to allow them to seek back pay.  **Id.**  Instead, Slaughter and Jackson simply asked that the circuit court's order be affirmed, i.e., that they be reinstated.  Again, back pay was not requested or mentioned.

*Rutland*, the issue of back pay was initially considered and addressed by the Mississippi Employee Appeals Board *before* the appeal to the circuit court and the appellate court. *Gill v. Miss. Dep't of Wildlife Conservation*, 574 So. 2d 586, 589 (Miss. 1990); *Miss. Dep't of Transp. v. Rutland*, 965 So. 2d 696, 701 (Miss. Ct. App. 2007). Here, unlike in *Yarbrough*, *Gill*, and *Rutland*, Slaughter and Jackson did not initially assert or request back pay in the circuit court. Instead, Slaughter and Jackson filed their petition for back pay in the circuit court *after* this Court issued its mandate affirming the circuit court's reinstatement, i.e., after the case had ended.

¶21. Additionally, in *McNeel v. Mississippi Department of Human Services*, several issues regarding back pay and reinstatement were affirmed in part and reversed and *remanded* in part by the Court of Appeals, giving the circuit court jurisdiction to consider the issues. *McNeel v. Miss. Dep't of Hum. Servs.*, 99 So. 3d 244, 245-46 (Miss. Ct. App. 2012). Here, the Court did not remand any issues to the circuit court. Thus, the circuit court never regained jurisdiction.

¶22. The record reflects this case became final when the mandate issued on April 6, 2023. Under the mandate, this Court affirmed the circuit court's reinstatement of Slaughter and Jackson as commissioners of the CMU Commission, and no issues were remanded to the circuit court for further consideration. Because the issue of back pay was not asserted until after the mandate was issued, the circuit court lacked jurisdiction to consider it.

¶23. Slaughter and Jackson argue that because the Board never raised a jurisdictional challenge in the circuit court, the issue is now waived. While the Board did not assert a

9

jurisdictional challenge in the circuit court, jurisdiction may be raised at any time, including on appeal. *See Norwood v. In re Extension of Boundaries of City of Itta Bena*, 788 So. 2d 747, 751 (Miss. 2001) ("Although the question of jurisdiction was not raised in the trial court, there is no question it may be raised for the first time on appeal.").

## CONCLUSION

¶24. This case became final when the mandate issued affirming the circuit court's reinstatement of Slaughter and Jackson. Because we did not remand any issues to the circuit court, the circuit court never regained jurisdiction. As a result, the circuit court lacked jurisdiction to consider Slaughter and Jackson's petition for back pay. The circuit court's order denying Slaughter and Jackson's petition for back pay is affirmed.

¶25. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**