# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00286-COA

JON C. McCOY                                                        APPELLANT

v.

CHRISTOPHER GRAHAM, IN HIS OFFICIAL                                  APPELLEE
CAPACITY AS THE COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF REVENUE

DATE OF JUDGMENT:            02/07/2024
TRIAL JUDGE:                 HON. J. DEWAYNE THOMAS
COURT FROM WHICH APPEALED:   HINDS COUNTY CHANCERY COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      JAMES GARY McGEE JR.
ATTORNEY FOR APPELLEE:       NICHOLAS ALEXANDER LOMELI
NATURE OF THE CASE:          CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                 AFFIRMED - 03/11/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McCARTY AND ST. PÉ, JJ.**

**ST. PÉ, J., FOR THE COURT:**

¶1.     The Mississippi Department of Revenue ("DOR") assessed Jon C. McCoy, as the sole shareholder of United Roofing & Construction of Mississippi ("United"), over $345,000 in tax liabilities for United's failure to pay sales tax during two time periods between 2009 and 2016. This Court previously affirmed DOR's assessment of sales taxes to United. *See United Roofing & Construction of MS Inc. v. Miss. Dept. of Revenue*, 319 So. 3d 1164 (Miss. Ct. App. 2020). McCoy now appeals DOR's assessment of the sales tax liabilities to him personally as the "responsible person" and United's sole shareholder. McCoy argues that DOR's assessment of United's unpaid sales taxes is barred by the statute of limitations, as

the assessment was issued after the thirty-six-month deadline set by Mississippi Code Annotated section 27-65-42 (Rev. 2017). He made this argument to DOR's Board of Review, the Mississippi Board of Tax Appeals, and the Hinds County Chancery Court, all of which upheld DOR's "responsible person" assessment.

¶2.     After reviewing the record and arguments, we find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     United is a Mississippi corporation located in Brandon, and McCoy is its sole shareholder. *United Roofing*, 319 So. 3d at 1166-67 (¶2). In 2013, DOR audited United for a period from July 2009 to August 2013, which resulted in an assessment of $188,501 for unpaid sales taxes, penalties, and interest. *Id.* at 1167 (¶4). In 2016, DOR conducted a second audit on United for a period from September 2013 through April 2016; this audit resulted in a $157,074 assessment for unpaid sales taxes, penalties, and interest. *Id.* at (¶6). United appealed these assessments to DOR's Board of Review, an internal-hearing tribunal, which upheld the assessments. *Id.* at 1167-68 (¶6). United then appealed those rulings to the Board of Tax Appeals, which upheld the Board of Review's orders. *Id.* United appealed those rulings to the Rankin County Chancery Court, where the two appeals were consolidated. *Id.* at (¶7).

¶4.     After motions and a hearing, the chancery court granted summary judgment in favor of DOR, finding that United had been properly assessed $422,611 for both audit periods, with interest beginning to accrue. *Id.* at 1167-68 (¶7). United appealed to this Court, which affirmed the chancery court's finding that United's roofing services were subject to

2

Mississippi sales taxes. *Id.* at 1173-74 (¶30). This Court denied United's motion for rehearing, and the Mississippi Supreme Court denied United's petition for writ of certiorari. *United Roofing & Construction of MS Inc. v. Miss. Dept. of Revenue*, No. 2019-CT-00570-COA (Miss. Jun. 15, 2021) (order denying writ of certiorari). The mandate was issued from this Court on July 6, 2021.

¶5.     On January 10, 2022, DOR issued a responsible person assessment to McCoy for United's sales tax liabilities. *See* Miss. Code Ann. § 27-65-55(2) (Rev. 2017). McCoy appealed that assessment to the Board of Review, arguing that the assessment was issued after the thirty-six-month statute of limitations in section 27-65-42. The Board of Review upheld the assessment, and McCoy appealed to the Mississippi Board of Tax Appeals. The Board of Tax Appeals also upheld the assessment, finding that the tax liability became final on July 6, 2021, after all administrative and judicial appeals had been exhausted, and therefore the responsible person assessment was timely.

¶6.     McCoy appealed to the Hinds County Chancery Court. McCoy argued that sales tax assessments became final once DOR issued an assessment to the taxpayer and that DOR had thirty-six months from those assessment dates to make a reasonable person assessment.[1]

---

[1] "Under state and federal law, if [an organization] fails to collect and pay over [certain] taxes, penalties may be assessed against a 'responsible person,' which, in broad terms, means someone who exercises significant authority over the [organization's] finances." *Donovan v. Burwell*, 199 So. 3d 725, 727 n.1 (Miss. Ct. App. 2016); *see also* Miss. Code Ann. § 27-65-55(2). McCoy does not argue that he is not a responsible person under section 27-65-55(2).

This raises the question of whether McCoy even has standing to make the statutory argument he makes here; section 27-65-55(2) also states that "[a] person being assessed under this subsection may appeal his liability under Section 27-77-5 *solely regarding the issue of the ownership interest and management requirements of this subsection.*" However,

3

DOR filed a motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, arguing that the plain statutory language supported the Board of Tax Appeals' findings and that the assessments were not untimely. McCoy filed a response, asserting facts outside the record, and DOR objected to the additional evidence. At a hearing on the motion, the chancellor agreed to consider McCoy's additional evidence and noted that he would treat DOR's motion as a motion for summary judgment rather than a Rule 12(b)(6) dismissal.[2]

¶7.     After the hearing, the chancellor granted DOR's motion for summary judgment. The chancellor noted that Mississippi Code Annotated section 27-65-57 (Rev. 2017) bars DOR from collecting unpaid sales taxes until the taxpayer has received "notice and demand" and only "if such person has not filed a timely appeal to the board of review as provided by law." The chancellor also noted that Mississippi Code Annotated section 27-77-7(1) (Rev. 2017) provided that all Board of Tax Appeals orders were final *unless* the taxpayer or DOR timely appealed the decision. Finally, the chancellor went through the procedural history of McCoy's appeals, concluding that the appeal of the original sales tax assessment did not become final until this Court issued its mandate on July 6, 2021. The chancellor found that because DOR issued its responsible person assessment six months later, on January 6, 2022, the responsible person assessment was issued within the thirty-six-months statutory period. The chancellor therefore found no genuine issues of material fact and granted summary

as DOR has not raised this as a bar to McCoy's claims, we decline to address it.

[2] "If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." M.R.C.P. 12(b).

judgment in DOR's favor.

## ANALYSIS

¶8.     We apply a de novo standard when reviewing a chancery court's grant of summary judgment. *Miss. Dep't of Revenue v. Comcast of Georgia/Virginia Inc.* 300 So. 3d 532, 535 (¶12) (Miss. 2020). We review de novo all questions of law. *Id.* A motion for summary judgment should be granted only when there is no genuine issue of material fact. M.R.C.P. 56(c). Although the chancellor allowed McCoy to assert facts beyond the pleadings, the parties do not argue that this appeal presents a factual dispute. Indeed, McCoy raises only one issue on appeal: whether the chancellor erred in interpreting the statutes to find DOR's assessment timely.

¶9.     When interpreting statutes, we cannot read them in isolation. "It is a well-settled rule of statutory construction that when two statutes pertain to the same subject, they must be read together in light of legislative intent." *Lewis v. Hinds Cnty. Cir. Ct.*, 158 So. 3d 1117, 1123 (¶17) (Miss. 2015) (internal quotation marks omitted); *see also In pari Materia*, Black's Law Dictionary 941 (12th ed. 2024) (Latin meaning "in the same matter"; "on the same subject.").

¶10.    McCoy argues that United's liability became final on the dates of DOR's assessment notices: March 20, 2015, and December 12, 2016. He claims the chancellor erred by relying on statutes regarding DOR's ability to collect an assessment and procedural appellate rules. McCoy grounds his argument in statutes that establish the dates that taxes become payable and are considered a debt to the State. He quotes, "The tax imposed by this chapter or damages assessed or interest applied by authority of this chapter shall constitute a debt due

5

[to] the State of Mississippi from the time the tax is due until it is paid . . . , " concluding that the sales tax assessments became final and due "as of the date of the related assessment notice." Miss. Code Ann. § 27-65-41 (Rev. 2017).

¶11.    He conveniently ignores the end of that statute, which provides that the debt owed to the State is "subject to . . . the statute of limitations set forth in Section 27-65-42." *Id.* That law states that the taxes are due and must be assessed "within thirty-six (36) months from the date the return was filed *except as otherwise provided in*" the responsible person statute. *Id.* § 27-65-42. The responsible person statute specifies that the thirty-six-month assessment period owed to the "responsible person" "begin[s] to run after the liability of the corporation or limited liability company becomes final." *Id.* § 27-65-55(2).

¶12.    McCoy provides no support for his conclusion that the "statutory authorities therefore indicate that a sales tax assessment becomes 'final' and due to the State of Mississippi as of the date of the related assessment notice." But looking at other statutes in the same matter, the law is clear about the finality of a tax liability determination.

¶13.    "Any taxpayer aggrieved by an assessment of tax by the agency . . . who wishes to contest the action of the agency" must file a written appeal to the Board of Review "within sixty (60) days from the date the agency mailed or delivered" the assessment. Miss. Code Ann. § 27-77-5(1) (Supp. 2020). Once the Board of Review has made its determination, the taxpayer has sixty days to appeal that decision to the Board of Tax Appeals. *Id.* § 27-77-5(3). If the taxpayer does not appeal, the Board of Review's determination is "final and not subject to further review by the Board of Tax Appeals or a court," and DOR may "proceed to

collect" the assessment. *Id.* § 27-77-5(3)-(4).

¶14.    If the taxpayer files a timely written appeal to the Board of Tax Appeals, and the Board of Tax Appeals reaches a determination, then "the findings and order of the Board of Tax Appeals . . . *shall be final unless* the . . . taxpayer" appeals the decision to chancery court.   *Id.* § 27-77-7(1). Once the chancery court has made its determination, either the agency or the taxpayer (or both) have "the right to appeal from the order of the chancery court to the Supreme Court as in other cases." *Id.* § 27-77-7(5). A matter becomes final upon the issuance of a mandate from either this Court or the Supreme Court. *See* M.R.A.P. 41; *see also City of Cleveland v. Mid-South Assoc. LLC*, 94 So. 3d 1049, 1050-51 (¶5) (Miss. 2012) ("[A]fter a final decree had been entered in [the Supreme] [C]ourt, . . . the cause was at an end." (quoting *George v. Caldwell*, 98 Miss. 820, 54 So. 316 (1911))).

¶15.    Reading these statutes together illustrates that the underlying tax assessment is not final until appellate review procedures—both administrative and judicial—have been exhausted or rendered unavailable by the taxpayer's failure to timely appeal. McCoy availed himself of administrative and judicial review, which reached its final conclusion on July 6, 2021. On this date, "the cause was at an end." The thirty-six-month clock began ticking, and DOR filed its assessment as to McCoy on January 10, 2022, well within section 27-65-55(2)'s requirements.

¶16.    As a final matter, we note that if we were to accept McCoy's argument that the assessment becomes final on the day the tax assessment is made, it would undermine the entire tax appeals process; a "responsible person" could initiate an appeal and work within

7

the appellate process to ensure the State could not assess him personally within the thirty-six-month time frame. This cannot be the intent of our tax statutes.

## CONCLUSION

¶17.    We affirm the chancellor's order granting summary judgment in DOR's favor because DOR filed its responsible person assessment within thirty-six months from the date United's tax liability became final.

¶18.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**